UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNNY CISSELL,                                                                    Plaintiff,

v.                                                           Civil Action No. 3:19-cv-P88-DJH

WILLIAM MEYERS *et al.*,                                                      Defendants.

* * * * *

## MEMORANDUM OPINION

Plaintiff Johnny Cissell filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.[1] This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex (LLCC). He sues LLCC personnel, identifying their names and job titles as follows: William Myers, a correctional officer; Kevin Drake, a captain; Jesse Stack, a deputy warden; Scott Jordan, the Warden; Stephanie Chowning, a [Prison Rape Elimination Act] PREA compliance manager; Cathy Buck, a grievance coordinator; Timothy Forgy, an Internal Affairs captain; and Jane and John Doe, correctional employees. He also sues James Erwin, identifying him as a commissioner of the Kentucky Department of Corrections. He sues all Defendants in their individual and official capacities.

Plaintiff states that on November 8, 2017, he was called to the "core-area" by Defendant Myers "due to washing my bowls in the bathroom sink, in which, he became very belligerent, and agressively started pointed his finger at me making threats, stating: 'I'll take it to a whole

---

[1] Plaintiff originally filed this action jointly with another inmate. However, by prior Order (Docket No. 10), the Court severed the action.

nother level.'"  Plaintiff states, "Such was an act of malice and recklessness in violation of the Eighth Amendment to the U.S. Constitution."

Plaintiff further asserts that on January 15, 2018, Defendant Myers "came to my cell to shake me down, however, as C/O Myers started his pat down, he (C/O Myers) became very aggressive – and out of nowhere – 'wanton and intentionally' jacked my (Plaintiff's Cissell's) pants up his back side, as if giving him a 'weggie' in the presence of other inmates . . . ." Plaintiff states that this was done "in retaliation for past grievance filed in order to intimidate, humiliate and harrass the Plaintiff, in violation of his First Amendment Right to the U.S. Const."

Plaintiff states that on May 5, 2018, a non-Defendant first shift corrections officer conducted a cell search and pat down search on him.  According to the complaint, later that day, Defendant Myers "came directly to my cell to conduct a pat down/cell search on my cell . . . without just cause" and "even after informing him that I had just been searched by the 1st shift officers, he (C/O Myers) stated it wasn't his shift; he didn't care and that, he can shake me down anytime he wants."  Plaintiff continues, "Such acts of sexual misconduct; harassment; and wanton behavior as described herein constitute a violation of the Eighth Amendment."

Plaintiff asserts that on July 27, 2018, another non-Defendant officer conducted a cell search and pat down search of him.  He states that the next day Defendant Myers "came directly to my cell being verbally abusive, yanking my door open yelling 'Shake Down!'  Such act was to intimidate, harass, and retaliate against me for exercising my right to file or address said issue of compl[ai]nt."  Plaintiff states that this violated the Eighth Amendment.

Plaintiff reports that Defendant Drake is a second shift supervisor "responsible for the training and placement of staff duties."  Plaintiff states, "During the acts mentioned herein

concerning C/O Myers, Captain Drake was fully aware and involved in the compl[ai]nts filed concerning the harassment, retaliation, verbal abuse, intimidation, and sexual assault being done by Officer Myers." He maintains that Defendant Drake "chose to overlook the incident and continued to place C/O Myers in the dorm with these inmates who had complaints against him. Such unreasonable acts amounted to a 'malicious and sadistic' act of negligence in violation of the Eighth Amendment." Plaintiff states that he filed a "PREA grievance" on January 22, 2018, and a few days later Defendant Drake spoke to him about the incident with Defendant Myers. Plaintiff asserts that he informed him that another officer had already viewed camera footage of the incident and corroborated the story. Plaintiff states that Defendant Drake failed to "respond reasonably to this known risk" and showed deliberate indifference in violation of the Eighth Amendment.

Plaintiff further maintains that Defendants Stack, Jordan, Erwin, and Chowning also disregarded his complaints about Defendant Myers, were negligent, and violated the Eighth Amendment and Due Process Clause. He asserts that Defendant Buck rejected his grievance "without the process of investigation" in violation of the Eighth Amendment and "retaliated against me for filing my compl[ai]nt being verbally abuse" in violation of the First Amendment. He also states that Defendant Forgy "failed to intervene by an investigation into the sexual misconduct against Defendant Myers, or; otherwise, failed to take action into the unreasonable risk of serious harm." Plaintiff asserts that he sent a criminal complaint to the sheriff in LaGrange, Kentucky, "about C/O William Myers, and his sexual assault against inmates here at LLCC" but the complaint was returned and sent to Internal Affairs. Plaintiff states that Defendant Forgy told him that "any other complaints or issues must go through him" and

"ignored the allegations concerning [Defendant Myers]; and placed him (Myers) back into the dorm which allowed him to continue targeting me" in violation of the Eighth Amendment.

Plaintiff also states, "Defendants Jane and John Doe, are correctional employees at LLCC, who know or should have known about the violations which occurred herein."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations."
*McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### *A.  Excessive force*

Plaintiff asserts that Defendant Myers gave him a "wedgie" in violation of the Eighth Amendment.  "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'"  *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'"  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 9).  The mere fact that a prisoner was subjected to physical contact which may have been forceful, and which may even amount to assault under common law, does not itself show a constitutional violation. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995); *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).  "'[D]e minimis uses of physical force' do not support a constitutional claim provided that the use of force is not a sort 'repugnant to the conscience of mankind.'"  *Hudson*, 503 U.S. at 10 (quoting *Whitley*, 475 U.S. at 327).

In evaluating an excessive-force claim, the Court should consider, among other factors, the extent of injury suffered by an inmate.  *Id.* at 7.  A claimant need not establish a "significant injury" to prove an excessive force violation.  *Wilkins v. Gaddy*, 559 U.S. at 37.  However, the extent of the injury most be more than de minimis.  *Id.* at 38 ("An inmate who complains of a

'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (citing *Hudson*, 503 U.S. at 9).

Plaintiff alleges no injury from Defendant Myers' actions. Upon review, the Court finds that Plaintiff's allegations show nothing more than a de minimis use of force, which does not give rise to an Eighth Amendment violation. *See Morman v. Dyer*, No. 16-cv-01523-SI, 2016 U.S. Dist. LEXIS 131675, at *8-9 (N.D. Cal. Sept. 26, 2016) ("The allegation that a correctional officer gave Morman a wedgie fails to state a claim under § 1983 as this is the sort of trivial use of force that falls below constitutional recognition."); *Cooper v. Woodford*, No. 1:07-cv-00214-AWI-GSA PC, 2008 U.S. Dist. LEXIS 30064, at *9 (E.D. Cal. Apr. 11, 2008) ("Plaintiff's allegations that Defendant Morales slammed him into the wall and gave him a wedgie in an effort to provoke him fall short of supporting a claim that Defendant inflicted upon him physical force which rose to the level of sadistic and malicious.")

Accordingly, Plaintiff's Eighth Amendment claim for excessive force against Defendant Myers in his official and individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

### B. Verbal abuse and harassment

Plaintiff alleges several incidents where Defendants were verbally abusive to him or harassed him. As stated above, the Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley*, 475 U.S. at 319. Abusive or harassing language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832

F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Accordingly, Plaintiff's allegations against Defendants based on verbal abuse or harassment must be dismissed for failure to state a claim upon which relief may be granted.

### C. Retaliation

Plaintiff states that Defendant Myers retaliated against him for filing grievances by giving him a wedgie, verbally harassing him, and conducting a cell and pat down search on him on two separate occasions. He also alleges that Defendant Buck retaliated against him by being verbally abusive. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).

Some actions are too minor to constitute adverse action. *Thaddeus-X*, 175 F.3d at 398. To recognize "inconsequential" actions and minor harassment as adverse action would "'trivialize the First Amendment.'" *Id*. at 398-99 (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "[P]risoners are expected to endure more than the average citizen[.]" *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). The Court finds that Defendant Myers' act of giving Plaintiff a wedgie is not sufficiently adverse to support a retaliation claim. *See Santiago*

*v. Doom*, No. 3:10CV-P39-H, 2010 U.S. Dist. LEXIS 63193, at *21 (W.D. Ky. Jun. 10, 2010) ("An 'assault' that is comprised of merely a push or a shove without corresponding injury of any kind would not deter a person of ordinary firmness."). Likewise, verbal harassment is not sufficiently adverse. *See Dunbar v. Barone*, 487 F. App'x 721, 723-24 (3d Cir. 2012) ("[V]erbal threats and [the] few gestures of racial harassment Dunbar allegedly encountered are not sufficiently adverse to support a retaliation claim."); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation.")

Moreover, "routine inconveniences of prison life . . . do not constitute adverse action." *Reynolds-Bey v. Harris-Spicer*, 428 F. App'x 493, 503 (6th Cir. 2011). Cell and pat down searches are such inconveniences. "Thus, 'the single search of a prison cubicle would not deter a person of "ordinary firmness" from pursuing constitutional grievances.'" *Id.* (quoting *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003)); *see also Yates v. Rogers*, No. 2:18-cv-180, 2018 U.S. Dist. LEXIS 213423, at *16 (W.D. Mich. Dec. 19, 2018) (finding that plaintiff's allegation of two pat down searches was not enough to state an adverse action) (collecting cases); *Clenton v. Menifee*, No. 05 Civ. 2844 (JGK), 2009 U.S. Dist. LEXIS 8615, at *11 (S.D.N.Y. Jan. 12, 2009) ("Like cell searches, a routine pat [down] search of an inmate may be conducted at any time, and would therefore not deter an inmate of ordinary firmness from continuing to file grievances against prison officials.") (footnote omitted).

Accordingly, Plaintiff's retaliation claims against Defendants Myers and Buck in their individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted.

### D. Failure to act and grievance handling

Plaintiff alleges that he complained about Defendant Myers' behavior to Defendants Drake, Stack, Jordan, Erwin, Chowning, and Forgy and that they failed to act on his complaints. He also claims that the Jane and John Doe Defendants "know or should have known about the violations which occurred herein." However, even if Plaintiff's allegations concerning Defendant Myers' actions toward him rose to the level of constitutional violations, the claims against the other Defendants would still fail. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to demonstrate that Defendants Drake, Stack, Jordan, Erwin, Forgy, or the Jane and John

Doe Defendants engaged in active unconstitutional behavior, and it is evident that Plaintiff's claims are based merely on their failure to act.

Moreover, to the extent that Plaintiff claims that any of these Defendant failed to investigate his complaints about Defendant Myers, the claim also fails. A claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54 (1986); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).

Furthermore, Plaintiff claims that Defendants Chowning and Buck denied his grievances concerning the actions of Defendant Myers. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490,

493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's individual and official-capacity claims against Defendants Drake, Stack, Jordan, Erwin, Chowning, Forgy, and Buck for their failure to act on his complaints and grievances concerning Defendant Myers must be dismissed for failure to state a claim upon which relief may be granted.

### E.  State-law claims

Plaintiff alleges negligence claims against Defendants.  Under 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  Having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  The state-law claims will be dismissed without prejudice.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:   July 5, 2019

**David J. Hale, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
       Defendants
4415.010

11